## 21125

BLUE CROSS AND BLUE SHIELD of South Carolina, Appellant-
Respondent, v. SOUTH CAROLINA INDUSTRIAL COMMIS-
SION, Respondent-Appellant.

(262 S. E. (2d) 37)

*Charles W. Knowlton and Hardwick Stuart, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for appellant-respondent.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Paul S. League* and *Katherine W. Hill,* Columbia, *for respondent-appellant.*

January 16, 1980.

*Per Curiam:*

In this action a declaratory judgment is sought pursuant to § 15-53-10, *et seq., Code of Laws of South Carolina* (1976). The plaintiff, Blue Cross and Blue Shield of South Carolina, appellant-respondent, is a domestic mutual insurance company providing medical and hospital insurance coverage for a multitude of individuals and group subscribers. The defendant, South Carolina Industrial Commission, respondent-appellant, is a state agency responsible for administration of the South Carolina Workmen's Compensation Laws (the Act).

Blue Cross, in its complaint, seeks a determination that it is entitled (1) to participate in proceedings before the Commission when the employee-claimant holds one of its policies, and (2) that it has a right of access to records within the control of the Commission. Blue Cross alleges that its many insurance policies covering employees exclude ". . . benefits provided by or payable under the Workmen's Compensation Laws." It contends that the Constitution of South Carolina and the Act establish a basis for its claimed access to the Commission's records and to participate in its proceedings. The Commission denies that Blue Cross has a right to its records and to participate in the proceedings.

The matter came to be heard before the circuit judge, resulting in a decree holding:

(1) That Blue Cross had no right to participate in Industrial Commission proceedings;

(2) That Blue Cross had the right of access to all transcripts, opinions and awards of the Industrial Commission, and

(3) That Blue Cross had the right of access to employers' reports filed with the South Carolina Industrial Commission as soon as filed with the Commission.

Both Blue Cross and the Commission have appealed. Blue Cross submits that the court erred in refusing it the right to participate in the proceedings. The Commission submits that the court erred in allowing Blue Cross access to any records.

The concern of Blue Cross is quite understandable. It is relieved of claims to the extent that benefits are "provided by or payable under" the Act to any employees who hold Blue Cross policies. It is to the financial benefit of Blue Cross when an employee collects from the employer for a compensable injury. The question which we must resolve is: What right, if any, does Blue Cross have to participate in litigation and examine records incident thereto, by reason of the fact that it is an insurer?

The Act contains a thorough procedure for the procurement of Workmen's Compensation benefits. Settlements are specifically authorized between an employer and an employee. The rights of the employee and employer are established by the Act. Nowhere in the Act is there a provision to allow any party, other than the employee and the employer to participate, except in the case of death or direct involvement of the employer's Workmen's Compensation carrier. Blue Cross has failed to point out any statutory provision of the Act, either express or implied, indicating that insureds such as Blue Cross are entitled to participate in litigation. The employee may file a claim or refuse to file a claim. The employer

and employee are entitled to litigate, or refuse to litigate, without interference. If Blue Cross is aggrieved, it may refuse to pay and litigate with its insured.

In *Owens v. Herndon,* 252 S. C. 166, 165 S. E. (2d) 696 (1969), this court said:

"The rights and liabilities of employee and employer under the Workmen's Compensation Act are purely statutory and are to be judged by the terms of the Act. Policy considerations as to what benefits should be conferred or obligations imposed are strictly for the legislaure. . . ."

Comparison of South Carolina's Workmen's Compensation Act to acts in other states is helpful. A number of other states, apparently, have encountered the situation presented in the matter herein; some of them have provided an express statutory solution to the problem Blue Cross presents. The State of Minnesota has a statute allowing interested persons to intervine in workmen's compensation proceedings. Section 176.361 of the *Minnesota Statutes Annotated. Lemmer v. Batzli Electric Co.,* 267 Minn. 8, 125 N. W. (2d) 434 (1963). The State of New Jersey has enacted a statute allowing the Division of Workmen's Compensation to provide reimbursement to third persons providing medical care to workers in its awards. Section 34:15-15.1, N.J.S.A., *Solimano v. Consolidated Mutual Ins. Co.,* 146 N. J. Super. 393, 369 A. (2d) 1003 (1977). Similar statutory provision would solve the problem that Blue Cross presently presents; however, the lack of such statutes in South Carolina's Act clearly supports the finding that Blue Cross is without standing before the South Carolina Industrial Commission.

Article I, § 22, upon which Blue Cross relies, reads as follows:

"No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard; nor shall he be subject to the same person for both prosecution and adjudication. nor shall he be deprived of liberty or

property unless by a mode of procedure prescribed by the General Assembly, and he shall have in all instances the right to judicial review."

We hold that this constitutional provision is of no comfort to Blue Cross. It is not applicable to the facts in this case. For the above stated reasons, this court affirms the circuit court order finding that Blue Cross is not a party within the provisions of the Act, and therefore, is not enitled to access to the Commission proceedings.

We now reach the exceptions addressed to the judge's ruling that records are available to Blue Cross. The effect of the request of Blue Cross to the court is to be permitted mass discovery in all cases of injured employees who have Blue Cross policies, whether there is or is ont a dispute between Blue Cross and its policy holder. Not before us is the question of the right of Blue Cross to discover Commission records in a civil action to which it is a party.

Section 42-19-40 provides as follows:

"The records of the Commission, insofar as they refer to accident, injuries and settlements shall not be open to the public, but only to parties satisfying the Commission of their interest in such records and of the right to inspect them."

We think the Commission has properly interpreted the term "parties" as referring to employees and employers. While the Act restricts scrutiny of the record to the parties, it provides in § 42-3-170 that:

"Hearings before the Commission shall be open to the public and shall be stenographically reported' . . ."

Obviously, when a case reaches the hearing stage, the private nature of the dispute loses its confidential status. Accordingly, because of the public nature of the hearings, all awards, decisions and opinions of the Industrial Commission, together with the transcripts of that

which took place at the hearing, are available to the public and to Blue Cross. The Freedom of Information Act, § 30-4-10 *et seq. Code of Laws of South Carolina* (1976) (Supp. 1979), is of no comfort to Blue Cross. Section 5(a)(4) exempts "matters specifically exempted from disclosure by statute or law." Even as the General Assembly, by the Freedom of Information Act, has made available certain records, it has, by the same authority, excluded records in the office of the Industrial Commission except to the extent indicated hereinabove.

In summary, we hold that the lower court correctly held:

(1) That Blue Cross is not entitled to participate in Industrial Commission proceedings, and

(2) That transcripts, opinions and awards of the Industrial Commission are public and available to Blue Cross.

It erred in holding that employers' reports filed with the South Carolina Industrial Commission, "as soon as filed with the Commission," were available to Blue Cross.

Affirmed in part; Reversed in part.