0235

Beatrice HAMILTON, Appellant, v. BOARD OF TRUSTEES OF OCONEE COUNTY SCHOOL DISTRICT, Respondent.

(319 S. E. (2d) 717)

Court of Appeals

*Dallas D. Ball,* Liberty, *for appellant.*

*Kenneth L. Childs* and *Emma Ruth St. Pierre* of *Childs & Duff,* Columbia, *for respondent.*

Heard April 18, 1984.

Decided Aug. 20, 1984.

SHAW, Judge:

The appellant — Beatrice Hamilton instituted this lawsuit and seeks to be rehired by the respondent — the Oconee County School District Board of Trustees. The circuit court ruled the Board's failure to renew Mrs. Hamilton's annual employment contract did not violate any of her state or federal constitutional rights. We affirm.

Mrs. Hamilton was employed by the Oconee County School District from September of 1977 until June of 1980 as a secretary in the Maintenance Department. In May of 1980, Mrs. Hamilton was informed that her employment contract would not be renewed for the following school year. This action was based on Board policies against nepotism. Mrs. Hamilton was married to the then Superintendent of Education of Oconee County.

In November of 1973, the Board passed policy 8250 which provides in part:

> No person who is related by blood or marriage to any member of a board of trustees shall be employed by such board except upon the consent of two-thirds of the members thereof in a duly called board meeting, with the roll call vote entered upon the proceedings of the Board.

In November or 1977, the Board passed policy 4111 which provides in part:

> Conflict of interest or accusations of nepotism are likely to result from the employment of relatives. If it is necessary to employ a relative (because of lack of other applicants or other compelling reasons), such a person may not be employed under the direct supervision of a relative who occupies a position which has influence and control of employment, promotion, salary administration, class schedule, and other related management of personnel considerations. . . . This policy shall be effective upon the date of its adoption and is not retroactive.

There was testimony this policy was not intended to limit or affect policy 8250. In May of 1979, policy 8250 was amended. The relevant amendments include the addition of the following two sentences, "Employment includes certified and classified personnel" and "The above policy also applies. to the Superintendent of Education." In an affidavit submitted by Dr. Henry R. Keummerer, Vice-Chairman of the Board at the time of the amendment, he stated the amendment was intended as a clarification of the intent of the policy as originally enacted.

Mrs. Hamilton was hired in 1977 without a vote by the Board. In 1979, her contract was renewed for the 1979-1980 school year with the understanding that her contract would not be renewed for the year 1980-1981. This information was communicated to the Superintendent and Mrs. Hamilton.

In May of 1980, the Board again voted not to renew Mrs. Hamilton's employment contract. After being informed of the vote, Mrs. Hamilton requested and was granted a grievance hearing before the Board. She was represented by an attorney at this hearing. Another vote was taken, and Mrs. Hamilton did not receive the two-thirds votes necessary to have her contract renewed (four votes were in favor of renewal, three against; two abstained from voting).

Mrs. Hamilton appealed the Board's decision to the Court of Common Pleas as allowed by Section 59-19-560 of South Carolina Code of Laws, 1976. Following a decision adverse to her by the circuit court, she filed this appeal.

Section 59-19-560 provides, upon an appeal from a county board of education, the circuit court shall consider and dispose of the case as other equity cases are tried and disposed of (with or without reference to a master or special referee); all parties at interest shall have such rights and remedies, including the right of appeal, as are now provided by law in such cases. This statute has been held to require the exhaustion of all administrative remedies before invoking the jurisdiction of the circuit court. *See Stanley v. Gary*, 237 S. C. 237, 116 S. E. (2d) 843 (1960).

Despite the requirement of exhaustion of all administrative remedies, our scope of review is not governed by the substantial evidence rule. That standard applies to court review of cases brought under the Teacher Employment and Dismissal Act, S. C. Code Ann. Section 59-25-410 *et*

*seq.* (1976 and Cum. Supp. 1983). *Laws v. Richland County School District No. One,* 270 S. C. 492, 243 S. E. (2d) 192 (1978); *Lexington County School District One Board of Trustees v. Bost,* 316 S. E. (2d) 677 (S. C. 1984). That Act is not applicable to the instant case. The appeal from the decision of the County Board of Education to the circuit court was properly brought under Section 59-19-560 which requires the circuit judge to try these cases *de novo* as equity cases. Therefore, the Court of Appeals can find facts in accordance with its view of the preponderance of the evidence and correct errors of law. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Lexington County School District v. Bost, supra.*

Mrs. Hamilton claims the Board's failure to renew her employment contract violated her constitutional rights to equal protection and due process of the law.

As part of her equal protection argument, Mrs. Hamilton claims she is being discriminated against because of her marriage to the Superintendent of Education, the right to freedom of choice in marriage relations is a fundamental right, and any law or policy restricting this choice is subject to "strict scrutiny" in determining its constitutionality. In support of this proposition, she cites *Loving v. Virginia,* 388 U. S. 1, 87 S. Ct. 1817, 18 L. Ed. (2d) 1010 (1967).

Mrs. Hamilton's proposition of law is quite correct, but not applicable to her situation. To be entitled to a strict scrutiny review of a law impinging upon this undeniably fundamental right, Mrs. Hamilton must show the law directly and substantially interferes with the right to marry. *Zablocki v. Redhail,* 434 U. S. 374, 98 S. Ct. 673, 54 L. Ed. (2d) 618 (1978). Any reasonable law, regulation, or policy which does not significantly interfere with decisions to marry and does not operate to prohibit or penalize the right to marry will not be subject to rigorous scrutiny. *Califano v. Jobst,* 434 U. S. 47, 98 S. Ct. 95, 54 L. Ed. (2d) 228 (1977); *Southwestern Community Action Council v. Community Services Administration,* 462 F. Supp. 289 (S.D.W.Va. 1978).

Mrs. Hamilton has failed to show the policy in question substantially interferes with her right to marry. She has shown no direct infringement on the rights of cohabitation, sexual intercourse, or procreation. Since the Board's policy does not significantly interfere with the exer-

cise of this fundamental right, a strict scrutiny review is not proper. *Southwestern Community Action Council v. Community Services Administration, supra.* The application of strict scrutiny is appropriate only where the obstacle to marriage is a direct one, i.e., one that operates to preclude marriage entirely for a certain class of people. *Mapes v. U. S.,* 576 F. (2d) 896, 217 Ct.Cl. 115 (1978).

We find policy 8250 to be a reasonable regulation. Its purpose is entirely proper and valid: preventing conflicts of interest and nepotism. The same conclusion was reached in *Keckeisen v. Independent School District 612,* 509 F. (2d) 1062 (8th Cir. 1975), cert. denied 423 U. S. 833, 96 S. Ct. 57, 46 L. Ed (2d) 51 (1975), where a school board policy prohibiting the employment of a husband and wife within the school district was held to be constitutional. The state's interest in providing its children with a meaningful education is fully and directly served by preventing conflicts of interest in the administration of the educational system. This interest outweighs Mrs. Hamilton's somewhat attenuated claim that her constitutional right to marry has been infringed upon.

Mrs. Hamilton next claims she was singled out for arbitrary treatment by the Board. She claims her employment contract was not renewed because of political motivations resulting from the relationship between the Board and her husband. She also claims other employees with situations similar to hers have been retained despite not receiving a two-thirds approval from the Board. Mrs. Hamilton is contending that the Board's failure to rehire her was an arbitrary and capricious action in violation of her due process rights.

Mrs. Hamilton is not claiming the procedures afforded her by the board were unfair. She received a grievance hearing at which she was represented by counsel. Rather, she is arguing the allegedly arbitrary manner by which the Board failed to renew her employment contract violated her rights to substantive due process.

Substantive due process means state action which deprives a person of life, liberty, or property, must have a rational basis — the reason for the deprivation may not be so inadequate that the judiciary will characterize it as arbitrary. *Jeffries v. Turkey Run Consolidated School District,* 492 F. (2d) 1 (7th Cir. 1974). Ordinarily, a claimant is not entitled to substantive due process when her state employ-

ment is terminated unless she has a property interest in continued employment. *Thompson v. Bass,* 616 F. (2d) 1259 (5th Cir. 1980), cert. denied 449 U. S. 983, 101 S. Ct. 399, 66 L. Ed. (2d) 245 (1980); *Bishop v. Wood,* 426 U. S. 341, 96 S. Ct. 2074, 48 L. Ed. (2d) 684 (1976).

A public employee whose job has been terminated is ■ entitled to substantive due process, even though there may be no property interest in continued employment, when the termination is based upon the employee's exercise of constitutionally protected rights such as speech, religion, or association. *Perry v. Sindermann,* 408 U. S. 593, 92 S. Ct. 2694, 33 L. Ed. (2d) 570 (1972); *Keyishian v. Board of Regents,* 385 U. S. 589, 87 S. Ct. 675, 17 L. Ed. (2d) 629 (1967). As stated, the failure to renew Mrs. Hamilton's employment contract is not a direct infringement upon her right to marry nor does it specifically interfere therewith. Since Mrs. Hamilton alleges no violation of any other of her constitutional rights, it is incumbent upon Mrs. Hamilton to show a property interest in continued employment with the Board to be entitled to substantive due process.

To have a property interest in a benefit, such as public ■■ employment, a person clearly must have more than an abstract need or desire for it. She must have more than a unilateral expectation of it. She must, instead, have a legitimate claim of entitlement to it. *Board of Regents v. Roth,* 408 U. S. 564, 92 S. Ct. 2701, 33 L. Ed. (2d) 548 (1972). Property interests are not created by the constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Board of Regents v. Roth, supra; Heath v. Redbud Hospital District,* 620 F. (2d) 207 (9th Cir. 1980).

Thus, a property interest in employment can be found ■ in existing state law, *Bishop v. Wood, supra;* in contracts, express or implied; or in mutually explicit understandings, *Perry v. Sinderman, supra. See Kersey v. Shipley,* 673 F. (2d) 730 (4th Cir. 1982).

Mrs. Hamilton has failed to establish a property interest ■ est within the meaning of the due process clause. She has pointed to no state law or regulation that would require her employment contract to be renewed. There is

nothing in her contract that guarantees future employment once the contract's one-year term has expired. And Mrs. Hamilton cannot prove she and the Board had a "mutually explicit understanding" that her contract would be renewed. To the contrary, both she and her husband were informed her contract would not be renewed for the 1980-81 school year. The mere fact that Mrs. Hamilton's employment contract had been renewed twice in the past is not sufficient to create a protected property interest in her continued employment. *Robertson v. Rogers*, 679 F. (2d) 1090 (4th Cir. 1982). In short, Mrs. Hamilton has shown nothing more than a unilateral expectation of employment. The absence of a property interest that has been impaired is a fatal defect in her substantive due process argument. *Jeffries v. Turkey Run, Supra.*

In any event, the facts before us fail to disclose any arbitrary treatment of Mrs. Hamilton by the Board of Trustees. Mrs. Hamilton concedes that the Board's neopotism policy is not facially invalid. Our review of the record convinces us that the Board acted reasonably in the circumstances when it applied the policy to Mrs. Hamilton. The evidence fails to support her claim that the nepotism policy was not fairly and uniformly applied in her case.

Because the Board policy has a rational basis which serves legitimate state interests and because Mrs. Hamilton has failed to show a constitutionally protected property interest, we affirm the decision of the circuit court.

Affirmed.

BELL and CURETON, JJ., concur.