### 24013

BAKER HOSPITAL, Appellant v. FIREMANS FUND INSURANCE COMPANY, and Entrepreneur, Inc., d/b/a Scotchman Stores, Respondents.

(441 S.E. (2d) 822)

Supreme Court

*Lawrence A. Laddaga* and *John K. Crout, Laddaga Law Firm,* Charleston, *for appellant.*

*Wallace G. Holland, Stephen P. Groves,* and *Amy R. Jordan, Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Heard Jan. 18, 1994.

Decided Feb. 22, 1994.

Toal, Associate Justice:

This appeal arises from the trial court's granting of a motion to dismiss for lack of subject matter jurisdiction in an action brought by a hospital against a workers' compensation in-

surance carrier for medical expenses. We reverse.

## FACTS

In July 1990, Ms. Chrystal Diess went to Baker Hospital (hereinafter Hospital) seeking medical treatment after a robbery at the Scotchman Store where she was employed as a clerk. During an interview with the Hospital's admissions personnel, Ms. Diess announced that she was entitled to workers' compensation benefits through Firemans Fund Insurance Company (hereinafter Carrier) and Entrepreneur, Inc. (hereinafter Scotchman). Hospital's admissions personnel telephoned and spoke with an employee of the Carrier.

The Carrier's employee verified that benefits were available to Ms. Diess with coverage at 100% of the semi-private room and board rate and all ancillaries. In reliance on these representations, the Hospital admitted Ms. Diess where she was treated from July 16 to July 31, 1990. During this period, Ms. Diess amassed Fifteen Thousand, One Hundred Sixty-Seven dollars ($15,167.00) in medical bills. Upon submission of the bills, Carrier claimed that Ms. Diess was not entitled to workers' compensation benefits, and denied the payment of the medical expenses to the Hospital.

Hospital initiated this action in circuit court alleging breach of contract, negligence, misrepresentation, and promissory estoppel. The trial court granted Carrier and Scotchman's motion for dismissal for lack of subject matter jurisdiction finding that the exclusive jurisdiction for determining this claim was with the Workers' Compensation Commission.[1] It is from this dismissal that Hospital now appeals.

## LAW/ANALYSIS

The only relevant issue on appeal is whether the trial court erred in interpreting the jurisdictional ambit of the Workers' Compensation Act as barring Hospital's actions at law. Hospital argues that the complaint filed against Carrier alleges causes of action which are not contingent on a decision by the Workers' Compensation Commission, consequently the trial

---

[1] Ms. Diess initially filed a workers' compensation claim in August 1991. Ms. Diess, one day prior to the scheduled hearing, withdrew her claim on December 10, 1991. At the time of the trial court order issued in May 1992, Ms. Diess did not have a workers' compensation claim pending.

court erred in granting Carrier's motion to dismiss for lack of subject matter jurisdiction. We agree.

A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. All properly pleaded factual allegations are deemed admitted for purposes of considering the motion for judgment on the pleadings. *Russell v. City of Columbia*, 305 S.C. 86, 406 S.E. (2d) 338 (1991).

Hospital alleged facts, which taken in a light most favorable to the plaintiff, support the allegations of breach of contract, negligence, misrepresentation, and promissory estoppel. The allegations contained in the complaint indicate that Carrier "guaranteed" the payment of Ms. Diess' hospital expenses. Hospital's complaint contains sufficient facts to establish claims in contract regardless of any other party's claims under workers' compensation law.

On the present facts, it is clear that Hospital is a party with no standing to seek redress before the Workers' Compensation Commission. *See Blue Cross and Blue Shield of South Carolina v. South Carolina Industrial Commission*, 274 S.C. 204, 262 S.E. (2d) 35 (1980) (wherein a health insurer who excluded coverage for persons that were also covered under the Workers' Compensation Act did not have standing to participate in any proceedings before the Industrial Commission). It is also equally clear that Hospital's claims all arise from the common law, not the workers' compensation laws.

Regardless of any workers' compensation payment to Ms. Diess, Hospital has performed a service for Ms. Diess based on the representations allegedly made by the Carrier. In the case at bar, the question of coverage under workers' compensation law is irrelevant to any representations made by Carrier as to its responsibility for payment of medical expenses. While the facts in the complaint must still be proven at trial, at this stage of the proceedings, we can only hold that the facts alleged in Hospital's complaint support causes of action outside the Workers' Compensation Act.

Accordingly, for the reasons stated, we REVERSE the trial court's granting of a motion to dismiss for lack of subject matter jurisdiction.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.