484 S.E.2d 598

**ROPER HOSPITAL, Appellant,**

v.

**Wesley CLEMONS and John Weiland Homes, Employer, and Zurich Insurance Company, Respondents.**

No. 2656.

Court of Appeals of South Carolina.

Heard Feb. 4, 1997.

Decided April 14, 1997.

Annette Roney Drachman, Charleston, for appellant.

Carl Jacobson, Charleston, for Respondent Wesley Clemons.

Terri M. Lynch and Edward K. Pritchard, III, of Sinkler & Boyd, Charleston, for Respondent Zurich Insurance Company.

HUFF, Judge:

This workers' compensation case arises from a back injury Wesley Clemons allegedly sustained while employed by John Weiland Homes. Clemons was treated by Roper Hospital (Appellant) from November 27, 1991 to January 23, 1992. He incurred medical expenses of $83,172.05. Zurich Insurance Co. (Respondent) asserted these medical expenses were not related to a compensable injury and denied coverage. Clemons and Respondent entered into a lump sum settlement (clincher) agreement in August 1992, which was approved by the Workers' Compensation Commission. Clemons accepted $55,000 "in full settlement and satisfaction of every liability under the Act and otherwise growing out of or in any way connected with said injury."

Appellant moved to reopen the case, claiming it was entitled to payment for Clemons's medical bills. A single commissioner found Appellant was not entitled to relief or standing under the Workers' Compensation Act. The commissioner also found the court-approved clincher agreement was a complete disposition of the entire matter. The court found the Commission has the power to make a clincher agreement final, as binding as a judicial decree, and not subject to review. An appellate panel of the Commission and a circuit judge affirmed the single commissioner's findings.

## ANALYSIS

■ On appeal from the Workers' Compensation Commission, this court may reverse where the decision is affected by an error of law. S.C.Code Ann. § 1–23–380(A)(6)(d) (Supp. 1996). The question of subject matter jurisdiction is a question of law. *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 132 S.E.2d 18 (1963). Appellant finds error in the lower court's decision to deny it standing to appear before the

Commission. It also charges the circuit court with error in finding that there was substantial evidence to support the Commission's rulings. Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Gibson v. Florence Country Club*, 282 S.C. 384, 318 S.E.2d 365 (1984).

The parties agree that the South Carolina Workers' Compensation Act (the Act) does not explicitly grant health care providers standing to appear before the Commission. Appellant argues, however, that this standing is implicitly granted in the Act. We note that the elementary and cardinal rule of statutory construction is that the court ascertain the legislative intent. *Whiteside v. Cherokee Co. Sch. Dist. No. One*, 311 S.C. 335, 428 S.E.2d 886 (1993). The words of the statute must be given their plain and ordinary meaning without resorting to forced or subtle construction to limit or expand its operation. *Id.* The Act must receive practical, reasonable and fair interpretation consonant with the purpose, design and policy of lawmakers. *Id.*[1]

We turn to *Blue Cross & Blue Shield v. S.C. Indus. Comm.*, 274 S.C. 204, 262 S.E.2d 35 (1980) for instruction. There, the court held that a health insurer who excluded coverage for persons also covered under the Act did not have standing to participate in any proceedings before the Commission. The court noted the Act "contains a thorough procedure for the procurement of Workmen's Compensation benefits. Settlements are specifically authorized between an employer and an employee. The rights of the employee and employer are established by the Act. Nowhere in the Act is there a provision to allow any party, other than the employee and the employer to participate" in the Commission's proceedings. *Id.* at 206, 262 S.E.2d at 37. The court commented that the

---

1. The Workers' Compensation Act is a remedial statute, its primary object being to create and preserve rights of employees who may sustain personal injuries in the course of their employment. *McLain v. Carolina Power & Light Co.*, 172 F.Supp. 273 (D.S.C.1959). The Act was adopted for the benefit of the employees and their dependents, and it should be liberally construed in order to accomplish this humane purpose, but liberal construction does not mean that the act should be converted into a form of insurance. *Price v. B.F. Shaw Co.*, 224 S.C. 89, 77 S.E.2d 491 (1953).

insurer "failed to point out any statutory provision of the Act, either express or implied, indicating that insurers ... are entitled to participate in litigation." *Id.* at 206, 262 S.E.2d at 37.

In the case before us, Appellant claims S.C.Code Ann. § 42–15–60 (1976) implicitly confers certain rights to health care providers. It further claims these rights mandate that it be allowed to participate in proceedings before the Commission. Appellant describes the rights as "the determination of whether an injury is work related, and enforcing the employer's duty to pay for medical care when an injury is work related." Appellant infers that because an employer may be liable for up to ten weeks of medical care for a work related injury under § 42–15–60, payment is guaranteed to the health care provider under the Act. We are unpersuaded by this argument. Section 42–15–60 compels employers to provide medical care to employees but does not implicitly guarantee payment to health care providers. As the *Blue Cross* court emphasized, the Act establishes the rights of the employer and employee, who may litigate, or refuse to litigate, without interference. *Blue Cross* at 207, 262 S.E.2d at 37.

While we are mindful that the court should give the Act a liberal construction, we are not justified in construing it so as to do violence to a specific requirement of the Act. *Wallace v. Campbell Limestone Co.,* 198 S.C. 196, 17 S.E.2d 309 (1941). The rights and liabilities of employee and employer under the Act are statutory and are to be judged by the terms of the Act. *Blue Cross* at 207, 262 S.E.2d at 37 (citing *Owens v. Herndon,* 252 S.C. 166, 165 S.E.2d 696 (1969)). Policy considerations as to what benefits should be conferred or obligations imposed are strictly for the legislature. *Id.* The lack of an express statutory grant of standing to health care providers clearly supports the finding that Appellant is without standing before the Commission. *See Blue Cross.*[2]

The lower court correctly relied on *Baker Hosp. v. Firemans Fund Ins. Co.,* 314 S.C. 98, 441 S.E.2d 822 (1994). In

---

**2.** *See also Berkebile v. Outen,* 311 S.C. 50, 426 S.E.2d 760 (1993) (We note that the General Assembly has not provided a statutory modification [to] § 32–1–10. While this silence is not conclusive, it is evidence that the legislature has chosen not to change § 32–1–10.).

*Baker,* the court relied on *Blue Cross* in holding that a hospital is a party with no standing to seek redress before the Commission. *Id.* at 101, 441 S.E.2d at 822. There, all the hospital's claims arose from common law, not under the Act. *Id.* The court noted that the question of coverage under the Act was irrelevant to the question of liability for medical expenses. *Id.* Appellant distinguishes itself from the hospital in the *Baker* case, arguing its claims do not arise from common law. However, there is nothing to indicate, and Appellant does not assert, that it does not have a cause of action based on common law. Appellant clearly has a cause of action against the patient/employee for services rendered based on common law. Appellant has a claim against the insurance carrier, as well, assuming the hospital verified coverage, as was the case in *Baker.* Failure to safeguard its own interest does not entitle it to standing to contest the issue of coverage provided under the Act. In the instant case, Appellant is not precluded from seeking payment for Clemons's medical expenses through other proceedings. Moreover, the question of coverage for Clemons's medical expenses was settled through the lump sum agreement, and there is nothing further for the Commission to decide. Therefore, Appellant does not have standing to seek redress before the Workers' Compensation Commission.[3]

## DUE PROCESS

■ Appellant asserts that the denial of standing before the Commission to health care providers violates the Due Process Clause of the Fourteenth Amendments to the United States and South Carolina Constitutions, and the Contracts Clause. Appellant complains that it is deprived of a property interest (unpaid bills) through state action without a rational basis. Further, Appellant complains of a procedural due process violation because it does not receive notice of the Commission's hearings to determine its rights to that property. The

---

3. Appellant points to North Carolina cases which hold that when medical services are provided to an employee covered by workers' compensation, the provider must proceed under workers' compensation to recover the cost of the services. *See Matros v. Owen,* 229 N.C. 472, 50 S.E.2d 509 (1948). However, in light of *Blue Cross* and *Baker,* we decline to follow the North Carolina decisions.

fundamental requirement of due process is the opportunity to be heard at a "meaningful time and in a meaningful manner." *South Carolina Nat'l Bank v. Central Carolina Livestock Market Inc.*, 289 S.C. 309, 345 S.E.2d 485 (1986) (citing *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). Due process is a flexible concept. Its requirements in a particular case depend upon the importance of the interest involved and the circumstances under which the deprivation may occur. *Id.*

To evaluate Appellant's challenge, we must determine whether it is deprived of a protected interest. In this instance, the denial of standing to Appellant does not deprive it of its interest in the unpaid medical bills. To have a property interest in a benefit, a party must have more than an abstract need or desire for it. The party must have more than a unilateral expectation of it. Instead, the party must have a legitimate claim of entitlement. *Hamilton v. Board of Trustees of Oconee Cty. Sch. Dist.*, 282 S.C. 519, 319 S.E.2d 717 (Ct.App.1984). Appellant has only a unilateral expectation of an interest in the proceeds specifically from the workers' compensation insurance. While it may have a direct interest in the proceeds pursuant to the assignment from the patient/employee, this interest is based in contract and is solely between the patient/employee and the hospital. Appellant's property interest in these proceeds is protected by contract and its avenue of redress is through common law. Appellant has shown no legitimate claim of entitlement to the specific benefits paid by the carrier pursuant to the workers' compensation claim other than through contract with the patient/employee.

The Workers' Compensation Act was not enacted to determine a provider's right to benefits but to determine the employee's right to compensation for a work related injury. Appellant is not prevented by the doctrines of *res judicata* or collateral estoppel when bringing a breach of contract action in this matter. Because Appellant is not being deprived of its interest in the unpaid bills, failure to give it notice of the Commission's hearings does not deny it procedural due process. Appellant has ample opportunity to be heard in a "meaningful" way.

## THIRD PARTY BENEFICIARY

■ Appellant claims it is a third party beneficiary of the contract between Clemons's employer and Respondent and is being denied the opportunity to enforce its rights. Appellant asserts Clemons assigned his right to benefits received to Appellant but that the employer and carrier paid the benefits to the employee directly, violating the assignment. Appellant asserts both the contract between the patient and hospital are violated, as well as the contract between the employer and carrier.

First, it does not appear that the assignment of benefits in any way bound the carrier or employer, as it was entered into by Clemons alone. However, assuming Appellant held an assignment which legally prohibited the employer and carrier from paying the funds directly to Clemons, Appellant would then have a common law cause of action against the employer and carrier for breach of that agreement. Thus, there is no impairment of contract.

There is no evidence that Appellant is a third party beneficiary under the contract between the employer and the carrier.[4] Further, even if it has become a third party beneficiary pursuant to the assignment of benefits, that assignment is protected through contract law and Appellant can proceed in common law. A right to bring an action in common law does not, however, equate to standing for a third party under the Act, especially where the Supreme Court has already determined such standing does not exist. It is clear that if Appellant is a third party beneficiary, it is not precluded from bringing an action in circuit court.

## PUBLIC POLICY

Appellant claims the denial of standing to health care providers is against public policy. Appellant states, "If providers are not allowed to pursue employers within the Workers' Compensation system, additional suits must be brought, either against the employer and its insurer or the claimant, to collect the bill." Appellant therefore admits it has the opportunity to

---

4. Appellant has not included a copy of any contract between Clemons's employer and carrier in the record on appeal.

bring an action at common law. Further, an action at common law is precisely what is mandated by *Baker*. Appellant further complains that under the current system, the choice of whether to pursue a Workers' Compensation claim is left entirely up to the patient/employee. This is exactly what the *Blue Cross* case allows. ("The employee may file a claim or refuse to file a claim. The employer and employee are entitled to litigate, or refuse to litigate, without interference.") Appellant cites a Rhode Island statute that allows health care providers to appear before the workers' compensation commission. However, our legislature has not opted to include health care providers as parties with standing to appear before the Commission. "Once the legislature has made [a] choice, there is no room for the courts to impose a different judgment based upon their own notions of public policy." *South Carolina Farm Bureau Mutual Ins. Co v. Mumford*, 299 S.C. 14, 19, 382 S.E.2d 11, 14 (Ct.App.1989).

Appellant maintains that it is not a party to the lump sum agreement between Clemons and his employer and is therefore not bound by that agreement. Appellant is correct. The intent of this finding by the Commissioner is clearly that the settlement award was final and binding and not subject to review under the Workers' Compensation Act. It is not and cannot be a finding that the award is binding in an action in another court jurisdiction on an entity which was not a party to the workers' compensation action. Further, because Appellant has no standing in the workers' compensation action, such a finding in no way prejudices Appellant as it relates to such action. As noted above, Appellant is not prevented from using other avenues to obtain payment of the unpaid medical bill that fuels this litigation.

## RULE 24, SCRCP

As its final argument, Appellant asserts it has a right to intervene pursuant to Rule 24, SCRCP. While the notice of appeal from the Commission's decision to the circuit court includes an exception relating to Rule 24, there is no indication it was argued to the circuit court and the circuit court did not rule on it. Further, assuming *arguendo* that this rule applies in workers' compensation proceedings, the rule provides that the applicant's interest must not be adequately represented by

existing parties. As the patient/employee is ultimately responsible for the services rendered by the provider, the provider's interests are adequately represented by the patient.

Appellant asserts it is a necessary party under Rule 19, SCRCP. Assuming again that this rule applies to workers' compensation cases, there is no indication it was ever raised to or ruled on by the Commission or by the circuit court.

Accordingly, the findings of the lower court are

**AFFIRMED.**

GOOLSBY and CONNOR, JJ., concur.