THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Galen A. Polite, Sr., Claimant, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Westvaco Corp., Employer and Westvaco Corp., Self-Insured,
 Carrier, Appellant.
 
 
 
 
 

Appeal From Charleston County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2010-UP-175
 Heard February 9, 2010  Filed March 1,
2010

REVERSED 

 
 
 
 Kirsten
 L. Barr, of Mount Pleasant, for Appellant.
 
 
 Kevin
 B. Smith, of Charleston, for Respondent.
 
 
 
 
 

PER
 CURIAM: 
 In this workers' compensation case, Westvaco Corp. ("Westvaco")
 appeals the circuit court's affirmance of the South Carolina Workers'
 Compensation Commission's order finding Westvaco liable to Galen Polite's
 health insurance company, Blue Cross/Blue Shield ("Blue Cross") in
 the amount of $92,961.39 for previously paid medical treatment.  On appeal,
 Westvaco argues: (1) Polite's workers' compensation claim for reimbursement
 should be extinguished by his death; (2) the claim for reimbursement should
 have been dismissed because substitution of the parties was not sought within a
 reasonable time following his death; (3) the Commission's conclusion is not
 supported by substantial evidence in the record; and (4) the Commission does
 not have jurisdiction over claims for reimbursement made by or on behalf of
 health insurance companies.  Finding the Commission without the authority to
 order reimbursement to an insured's private health insurance carrier, we
 reverse the circuit court's order.  
Counsel for Polite argues there is no
 need to appoint a personal representative or substitute the estate as the
 proper party following Polite's death because "[n]o benefits are going to
 be paid directly to the Respondent or any of his dependents or family
 members" and there would be no funds for that person to manage.  Via his
 own admission, counsel admits that he is not representing Polite.  Therefore, we
 find the real party in interest in this appeal is Blue Cross who, as the
 claimant's private health insurance carrier, lacks standing in front of the
 Commission.  Accordingly,
 we reverse pursuant to Rule 220(b)(2), SCACR, and the following authorities: Blue
 Cross & Blue Shield v. S.C. Indus. Comm'n, 274 S.C. 204, 206-08, 262
 S.E.2d 35, 37 (1980) (finding Blue Cross lacked standing to participate in the
 workers' compensation proceedings after filing a declaratory judgment action to
 determine whether it had the right to participate in proceedings where the
 employee held one of its policies);[1] S.C. Code Ann. Regs. 67-1301 to -1305 (Supp. 2009) (only providing payment for
 medical treatment, other than to the employee, to a "medical provider"
 or "medical practitioner"); James v. Anne's Inc., Op. No.
 26762 (S.C. Sup. Ct. filed Jan. 25, 2010) (Shearouse Adv. Sh. No. 4 at 17)
 ("The authority of the Commission is statutorily
 derived, therefore, the Commission cannot exceed the scope of the legislature's
 grant of authority."); Futch v. McAllister Towing of
 Georgetown, Inc.,
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need
 not discuss remaining issues when disposition of a prior issue is dispositive).[2]  
REVERSED.
PIEPER,
 GEATHERS, JJ., and CURETON, A.J., concur.

[1] See Roper
 Hosp. v. Clemons, 326 S.C. 534, 538, 484 S.E.2d 598, 600 (Ct. App. 1997)
 (finding hospital lacked standing to reopen workers' compensation case for
 payment of claimant's medical bills where the workers' compensation statute
 does not expressly grant standing to health care providers); Baker Hosp. v.
 Firemans Fund Ins. Co., 314 S.C. 98, 101, 441 S.E.2d 822, 823 (1994)
 (finding hospital lacked standing to seek redress before the Commission for
 unpaid medical bills and that all of the claims arose from common law, not
 workers' compensation laws).
[2] The issue of a
 separate action in circuit court for indemnification or other relief is not
 before us in this appeal.