### 1402

Fannie R. McDOWELL, Appellant v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent.

(386 S. E. (2d) 280)

Court of Appeals

*Harold F. Daniels* of *Piedmont Legal Services, Inc.,* Spartanburg, *for appellant.*

*General Counsel Bruce Holland* and *Asst. Gen. Counsel Tana G. Vanderbilt* of *South Carolina Dept. of Social Services,* Columbia, *for respondent.*

Heard Oct. 10, 1989.

Decided Oct. 30, 1989.

GOOLSBY, Judge:

Fannie R. McDowell appeals the dismissal of her petition for attorney fees. We reverse and remand.

On December 31, 1987, this court reversed the decision by the Court of Common pleas upholding the administrative decision by the South Carolina Department of Social Services ("DSS") finding McDowell ineligible to receive food stamps. *See McDowell v. South Carolina Department of Social Servies,* 296 S. C. 89, 370 S. E. (2d) 878 (Ct. App. 1987). After neither party petitioned for a rehearing, the Clerk of the South Carolina Court of Appeals on January 4, 1988, forwarded the remittitur to the Clerk of the Court of Common Pleas for Spartanburg County. The latter received the remittitur on January 6, 1988,and filed it on that day.

McDowell mailed the original of a petition for attorney fees to the Clerk of the Court of Appeals on Janaury 27,

1988. She filed a duplicate of the original petition with the Clerk of the Court of Common Pleas the following morning. The petition, which the latter accepted for filing on January 28, however, bore a caption reflecting it was before the Court of Appeals. It had no summons attached.

On February 2, 1988, the Clerk of the Court of Appeals returned the original of McDowell's petition to McDowell's counsel. Seven days later, on February 9, 1988, McDowell filed the original with the Court of Common Pleas. DSS thereafter moved to dismiss McDowell's petition.

The Court of Common Pleas granted DSS's motion, holding McDowell's petition came too late. In reaching this conclusion, the court held that the "final disposition" of the case occurred on December 21, 1987, the date the Court of Appeals filed its opinion, and that the filing of McDowell's petition with the Court of Common Pleas "took place outside the 30-day statutory [period]." The court also held the petition "deficient in that it was captioned for the Court of Appeals and had no summons."

## I.

McDowell first questions the holding below that the "final disposition" of the case occurred when the Court of Appeals filed its opinion.

Attorney fees are now recoverable "as court costs" from the State in certain civil actions brought by the State or by a party contesting state action. S. C. CODE ANN. Sec. 15-77-300 (1976 & Supp. 1988). The party seeking attorney fees, however, must petition therefor "within thirty days following final disposition of the case." *Id.* Sec. 15-77-310.

We think it clear that the "final disposition" of the instant case occurred on January 6, 1988, when the Clerk of the Court of Common Pleas filed the remittitur and not on December 21, 1987, when this court filed its opinion. *See State v. Barton*, 201 S. C. 225, 229, 22 S. E. (2d) 585, 586 (1942) (a criminal case wherein the court, referencing a statute, now Section 18-1-70 of the South Carolina Code of Laws (1976), prescribing that a notice of appeal operates as a stay of execution of the sentence "until the appeal is finally disposed of," held the "[f]inal disposition of the . . . appeal was effected by the filing of the remittitur in

the lower court of the decision of [the appellate] court"); *cf.* S.C.SUP.CT.R. 41, Sec. 4A ("[T]he . . . stay continues in effect only so long as the appeal is pending"); 20 C. J. S. *Costs* Sec. 279(b) at 514 (1940) (in the case of reversal of a judgment with direction to the lower court to enter a judgment, the statutory period within which the successful appellant must file his memorandum of costs incurred in the original trial in the trial court commences to run when he has notice of the filing of the remittitur from the appellate court); 28 U.S.C.A. Sec. 2412(d)(2)(G) (West Supp. 1989) (setting forth the Equal Access to Justice Act's definition of the term "final judgment" as "a judgment that is final and not appealable"). After that date, the appeal was no longer pending in the Court of Appeals.

Because the petition was filed with and accepted by the Clerk of the Court of Common Pleas within 30 days of the "final disposition of the case," McDowell's petition came within the statutory time period. That McDowell first submitted a duplicate of the original petition to the Clerk for filing is of no consequence. *See Italian Mosaic & Marble Co., Inc. v. City of Niagara Falls,* 131 Misc. 281, 227 N.Y.S. 64 (Sup. Ct. 1928) (filing of copies of original notice of lien held sufficient "filing").

## II.

McDowell next questions the court's finding that the petition was "deficient" because its caption listed the case as being before the Court of Appeals.

We hold the improper caption, absent a showing of prejudice by DSS, did not doom the petition since it was filed with both the Court of Appeals and with the Court of Common Pleas within 30 days following final disposition of the case. *See Brothers v. Sinai Hospital,* 63 Md. App. 235, 492 A. (2d) 656 (1985) (the failure to caption a notice properly to indicate it was being filed in the circuit court held, in the absence of a showing of prejudice, not fatal to a medical malpractice action where a declaration and a copy of the notice were filed simultaneously with the circuit court and the declaration stated the proceeding was in the circuit court); *Tobia v. Town of Rockland,* 106 A. D. (2d) 827, 829-30, 484 N. Y. S. (2d) 226, 229 (1984) (the failure to name the

court in the original caption of the summons and complaint held to be "merely a defect in form which may be disregarded, absent a showing of prejudice."); *cf.* S.C.R.CIV.P. 82(b) ("When an action is brought in the wrong . . . court, the court shall not dismiss the action but shall transfer it to . . . [the] court in which it could have been brought." DSS demonstrated no prejudice; therefore, the petition, though captioned in the Court of Appeals, was not, as the court below characterized it, "deficient." 71 C. J. S. *Pleading* Sec. 547 at 1111 (1951) ("[T]he courts should not regard seriously objections to the pleadings, more technical than real, which do not operate to the prejudice of the substantial rights of a litigant.").

## III.

McDowell also challenges the finding that the petition was "deficient" because it lacked a summons.

We agree with McDowell that a petition filed pursuant to Sections 15-77-300 *et seq.* requires no summons. The proceeding is not a separate action but is incidental to the original action. *See* 20 C. J. S. *Costs* Sec. 271 at 505 (1940) (a taxation proceeding involves a matter which grows out of and is collateral or ancillary to the judgment in the main action or proceeding and is incidental thereto); *Maria P. v. Riles*, 43 Cal. (3d) 1281, 240 Cal. Rptr. 872, 743 P. (2d) 932 (1987) *(an banc)* (a motion for attorney fees under an attorney fees statute held ancilliary to the main cause).

We therefore reverse the judgment below and remand the case for determination of the attorney fees issue.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.