1832

WILLIS CONSTRUCTION COMPANY, INC., Appellant v.
SUMTER AIRPORT COMMISSION, Respondent.

(419 S.E. (2d) 240)

Court of Appeals

*L. Franklin Elmore* and *Neil S. Haldrup,* both of *Olgetree, Deakins, Nash, Smoak & Stewart,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr., Deborah L. Harrison* and *Francis M. Mack,* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard April 8, 1992.

Decided June 8, 1992.

LITTLEJOHN, Acting Judge:

Willis Construction Company, Inc. appeals an order of the special referee denying Willis attorney fees pursuant to S.C. Code Ann. § 15-77-300 (Supp. 1991), which allows a prevailing party to recover attorney fees in a case involving State action. We affirm.

Willis requested compensation for extra work it performed at the Sumter municipal Airport under a construction contract. The Airport Commission refused to pay and assessed $21,600 against the unpaid contract price as liquidated damages against Willis. Willis was unable to settle the matter with the Airport Commission and subsequently filed a complaint for relief under several causes of action. The Airport Commission denied Willis's claims and counterclaimed for liquidated damages under the contract. The special referee awarded Willis over $75,000 on its claims. Both sides appealed, but the Supreme Court dismissed for failure to perfect the appeals.

Willis subsequently filed a petition for attorney fees pursuant to § 15-77-300.[1] The special referee held the Airport Commission initiated no action in this case and denied relief. Willis appeals. We affirm, but for different reasons from those relied upon by the special referee. *See* Rule 220(c), SCACR (the appellate court may affirm any ruling, order or judgment upon any ground appearing in the Record on Appeal).

Section 15-7-300 provides:

> In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorneys' fees to be taxed as court costs against the appropriate agency if:
>
> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
>
> (2) The court finds that there are no special circum-

---

[1] South Carolina Code Ann. § 15-77-310 (Supp. 1991) allows a party to petition for attorney fees under § 15-77-300 within thirty days after final disposition of the case. The "final disposition" occurs when the clerk of the lower court files the remittitur after the appellate court disposes of the case. *McDowell v. Dept. of Social Servs.*, 300 S.C. 24, 386 S.E. (2d) 280 (Ct. App. 1989).

stances that would make the award of attorney's fees unjust.

This section allows for the recovery of attorney fees as court costs from the State in certain civil actions brought by the State or by a party contesting State action. *McDowell v. South Carolina Dept. of Social Servs.*, 300 S.C. 24, 386 S.E. (2d) 280 (Ct. App. 1989).

■ Willis first argues the Airport Commission is a political subdivision of the State for purposes of § 15-77-300. We disagree.

The Sumter Airport Commission was created by Act No. 141, 1959 S.C. Acts 282, which provides, in part:

**SECTION 1. Sumter Airport Commission created—members.**—There is hereby created a Commission for the City and County of Sumter to be known as the Sumter Airport Commission. The Commission shall consist of five members to be appointed as follows: two by the City Council of the City of Sumter, two by the Sumter County Legislative Delegation, and one to be appointed by a majority vote of the four appointed as provided for above.

\* \* \* \* \* \*

**SECTION 3. Powers and duties.**—The Commission herein created is hereby vested with the power to receive any gifts or donations from any source, and also to hold and enjoy property, both real and personal, in the County of Sumter, as granted to individuals under the laws of this State, for the purpose of establishing and maintaining airports or landing fields in the County of Sumter; and to make such rules and regulations as may be necessary in the conduct and operation of such airports or landing fields.

**SECTION 4. City and county may donate money.**—The City of Sumter is hereby empowered and authorized to appropriate and donate to the Commission such sums of money as it may deem expedient and necessary for the purpose of carrying out the provisions of this act; and similar power is hereby given to the County of Sumter,

acting through its Legislative Delegation, upon the advice of the County Board of Commissioners.

A political subdivision is a division or subdivision of the State invested with governmental functions. *Jackson v. Breeland,* 103 S.C. 184, 88 S.E. 128 (1916). The Act creating the Sumter Airport Commission does not invest it with governmental functions, such as the ability to raise revenue of the power of eminent domain. We conclude that the phrase "political subdivision of the State" as used in § 15-77-300 as well as in its ordinary sense does not include within its meaning an entity such as the Sumter Airport Commission. We hold that, for purposes of § 15-77-300, the Sumter Airport Commission is not a political subdivision of the State.

Willis also argues that the Airport Commission is a political subdivision of the State pursuant to S.C. Code Ann. § 15-78-30 (Supp. 1991) because the Airport Commission is a "special purpose district of the State and [an] agency. . . "[2] Special purpose districts are governed by Chapter 11 of Title 6 of the South Carolina Code. South Carolina Code Ann. § 6-11-10 (1976) addresses the authority to establish special purpose districts and provides:

> In order to protect the public health, electric lighting districts, water supply districts, fire protection districts and sewer districts may be established as herein provided for the purpose of supplying lights and water and providing fire protection, a sewerage collection system and a sewerage treatment plant to a portion of any county in this State which is not included in any incorporated city or town.

South Carolina Code Ann. § 6-11-410(a) (1976) and § 6-11-810(d) (1976) each define a "special purpose district" as "any

---

[2] This code section is part of Chapter 78 of Title 15 of the South Carolina Code, which is the South Carolina Tort Claims Act. There is no provision in Chapter 78 which applies its definition sections to other chapters, particularly chapters which predated the Tort Claims Act. The attorney fee section at issue is part of article 5 of Chapter 77 of Title 15, and was enacted in 1985. It was effective one full year prior to the Tort Claims Act. Article 5 of Chapter 77 has never defined "State" or "political subdivision of the State." It is not within the purview of this Court to amend statutory law. *Horn v. Davis Electrical Constructors, Inc.,* 416 S.E. (2d) 634, ___ (S.C. Sup. Ct. 1992); *Doe v. R.D. & E.D.,* 417 S.E. (2d) 541, ___ (S.C. Sup. Ct. 1992).

district created by act of the General Assembly prior to March 7, 1973, and to which has been committed prior to March 7, 1973, any local governmental function." Under this scheme, the Sumter Airport Commission is not a "special purpose district" because no local governmental function has been committed to it.

We are aware that prior South Carolina cases describe the Greenville-Spartanburg Airport District and the Richland-Lexington Airport District as "special purpose districts." *Kleckley v. Pulliam*, 265 S.C. 177, 217 S.E. (2d) 217 (1975); *Berry v. Milliken*, 234 S.C. 518, 109 S.E. (2d) 354 (1959). These cases are, however, easily distinguishable. The Greenville-Spartanburg Airport District was created by Act No. 99, 1959 S.C. Acts 101 and the Richland-Lexington Airport District District was created by Act No. 681, 1962 S.C. Acts 1660. Each Act expressly creates a "political subdivision" of the State, and grants the particular airport district the powers to raise revenues through bond issues, promulgate rules and regulations, exercise eminent domain, and apply for and receive public funds from the state. Property of those airport districts is expressly exempted from State and local taxation. *See also* Act No. 1235, 1970 S.C. Acts 2634 (similar act creating the Charleston County Airport District). The Acts which created those *airport districts* are much different from the Act which created the Sumter Airport Commission.

Willis finally argues the Sumter Airport Commission is a "State agency" under § 15-77-300 pursuant to S.C. Code Ann. § 15-78-30(a) (Supp. 1991), which defines "agency" to include a "commission." Again we note this code section is part of the Tort Claims Act found in Chapter 78 of Title 15, not article 5 of Chapter 77. Article 5 of Chapter 77 has never defined "agency." Furthermore, an airport authority is neither a private corporation nor a political territorial subdivision. *Greensboro-High Point Airport Authority v. Johnson*, 226 N.C. 1, 36 S.E. (2d) 803 (1946). It is a quasi-municipal corporation of a type commonly used to perform ancillary functions in government more easily and perfectly by devoting to them, because of their character, special personnel, skill and care. *Id. See also* 2A C.J.S. *Aeronautics & Aerospace* § 62 (1972) (while an airport authority is a governmental agency in a broad sense, it is not an agent or instrumentality

of the state in the sense that other boards and commissions are, although it may enjoy the sovereign immunity of the state; airport authorities operate airports in their private or proprietary capacity). We hold that the Sumter Airport Commission was not a State agency for purposes of § 15-77-300 in this particular transaction with Willis. The Airport Commission was acting in a proprietary manner when it entered into the contract with Willis for the runway improvements.

In sum, we conclude that the Sumter Airport Commission is not a special purpose district or a political subdivision of the State. While there is authority for holding it to be a governmental agency in a broad sense, when it acts in a proprietary manner and does not carry on a governmental function it is not truly a State agency in the sense that other boards and commissions are. Accordingly, we affirm the special referee's order denying Willis attorney fees pursuant to § 15-77-300. We do not find it necessary to address the remaining issues Willis raised in its brief.

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.