THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Transportation, Condemnor,
    v.
 G.L. Buckles,
 Personal Representative of the Estate of Keith J. Buckles, and G.L. Buckles,
 Landowners and Ronald Paul, Lessee, Condemnees,
 of whom G.L.
 Buckles, Personal Representative of the Estate of Keith J. Buckles, and G.L.
 Buckles are Respondents,
 and Ronald Paul
 is the Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge
Unpublished Opinion No. 2009-UP-228
Submitted May 1, 2009  Filed May 27, 2009    
APPEAL DISMISSED

 
 
 
 Ronald Paul, pro se Appellant.
 Michael H. Quinn, Jr., of Columbia, for Respondents.
 
 
 

PER CURIAM: Ronald Paul (Lessee) appeals from the circuit courts
 order to disburse condemnation proceeds pursuant to the allocation specified in
 a final judgment entered on March 11, 2005 and affirmed by this court on
 October 23, 2006.  
The
 final disposition of a case occurs when the remittitur is returned by the clerk
 of the appellate court and filed in the lower court.  McDowell v. S.C. Dept
 of Soc. Servs., 300 S.C. 24, 386 S.E.2d 280 (Ct. App. 1989).  If a
 petition for writ of certiorari is filed, the Court of Appeals shall not send
 the remittitur until notified that the petition has been denied.  If the writ
 is granted by the Supreme Court, the Court of Appeals shall not send the
 remittitur.  Rule 221, SCACR.  Once the remittitur is sent down from the
 appellate court, circuit court acquires jurisdiction to enforce the judgment
 and take any action consistent with the appellate courts ruling.  Muller v.
 Myrtle Beach Golf & Yacht Club, 313 S.C. 412, 415, 438 S.E.2d 248,
 250 (1993).  
Matters decided by
 the appellate court cannot be reheard, reconsidered, or relitigated in the
 trial court, even under the guise of a different form.  The decision of the appellate
 court is final as to all questions decided.  It is the duty of the trial
 court to follow the decision of the appellate court.  Ackerman v. McMillan,
 324 S.C. 440, 443, 477 S.E.2d 267, 268 (Ct. App. 1996) (internal citations
 omitted).  
Accordingly,
 we dismiss the appeal with prejudice. 
DISMISSED. 
HEARN,
 C.J., THOMAS and KONDUROS, JJ., concur.