721 S.E.2d 423

Phillip D. GRIMSLEY, Sr., and Roger M. Jowers, on behalf of themselves and others similarly situated, Appellants,

v.

SOUTH CAROLINA LAW ENFORCEMENT DIVISION and the State of South Carolina, Defendants,

of which the State of South Carolina is the, Respondent.

No. 27085.

Supreme Court of South Carolina.

Heard Nov. 16, 2011.

Decided Jan. 3, 2012.

A. Camden Lewis and W. Jonathan Harling, both of Lewis & Babcock, John A. O'Leary and James Walter Fayssoux, Jr., both of O'Leary Associates, and Richard A. Harpootlian, all of Columbia, for Appellants.

Attorney General Alan Wilson, Assistant Deputy Attorney General J. Emory Smith, Jr., of Columbia, for Respondent.

Justice KITTREDGE.

This is an appeal from the trial court's order granting the State's motion to dismiss. We reverse and remand.

Appellants are rehired employees of the South Carolina Law Enforcement Division (SLED). Appellants' claims arise from the contention that SLED has imposed a requirement in a statutorily authorized retirement program that is contrary to law. The trial court dismissed the complaint for failure to exhaust administrative remedies under the South Carolina Retirement Contribution Procedures Act (Retirement Act), which Appellants challenge on appeal. Appellants additionally appeal the trial court's alternative ruling dismissing their unlawful takings claim. We agree with Appellants and find the trial court erred in dismissing their complaint.

## I.

Appellants are former employees of SLED who have retired and returned to work. As employees of SLED, they were members of the Police Officers Retirement System. While still employed, Appellants were offered the opportunity to participate in an optional retirement program. Pursuant to S.C.Code Ann. section 9–11–90 (Supp.2010), the program required Appellants to retire from SLED and to separate from employment for a period of time. Appellants then had to request to be rehired by SLED. Upon SLED's approval, Appellants were rehired for a period not to exceed forty-eight months. As part of the rehire process SLED required Appellants to sign a form, which provided that Appellants "will have a reduction of 13.6% in [their] salary to cover the amount it will cost SLED to pay the employer portion of retirement." According to Appellants, this provision is contrary to state law, which assigns the responsibility for the employer portion of retirement to the employer.

On behalf of themselves and others similarly situated, Appellants brought suit against SLED and the State, seeking a declaratory judgment and asserting causes of action for a violation of S.C.Code Ann. section 9–11–90 and unlawful takings.[1] The complaint contends that SLED's retirement pro-

---

1. In addition to claiming that the deduction in Appellants' salaries was an unlawful taking, Appellants alleged the deduction was an unconstitu-

gram violates section 9–11–90(4)(b), which states in relevant part:

(b) An employer shall pay to the system the employer contribution for active members prescribed by law with respect to any retired member engaged to perform services for the employer, regardless of whether the retired member is a full-time or part-time employee or a temporary or permanent employee.

In response, the State filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.[2] The trial court granted the motion to dismiss,[3] holding that Appellants were required to exhaust the administrative remedies prescribed in the South Carolina Retirement Contribution Procedures Act, S.C.Code Ann. § 9–21–10 *et seq.* (Supp.2010).[4]

---

tional tax. However, at oral argument, Appellants withdrew their unconstitutional taxation argument.

**2.** For reasons unknown to us, SLED participated in neither the motion nor this appeal. The State's motion sought dismissal of the case, not merely the claims against the State.

**3.** The State's motion to dismiss was filed pursuant to both Rules 12(b)(6) and 12(b)(1), and the trial court's order does not explicitly state upon which it is based. However, the issue does not involve subject matter jurisdiction and Rule 12(b)(1) should not have been a basis for the dismissal. *See Ward v. State*, 343 S.C. 14, 17, 538 S.E.2d 245, 246 n. 5 (2000) ("The doctrine of exhaustion of remedies is generally considered a rule of policy, convenience and discretion, rather than one of law, and is not jurisdictional.... [It] goes to the prematurity of a case, not subject matter jurisdiction."); *see also* S.C. Const. art. V, § 11 ("The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law.").

**4.** At oral argument, the State requested to be dismissed as a party because Appellants failed to allege facts sufficient to state a cause of action against the State. We deny the State's request. Additionally, the State asserted in its brief that other alternative sustaining grounds would allow this Court to dismiss the State from this lawsuit. We believe a ruling on these issues would be premature, and we decline to address the additional sustaining grounds. *See I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

The trial court held Appellants' takings claim should also be dismissed because Appellants did not have a property interest rooted in state law upon which the claim could be based. Specifically, the trial court adopted the manner in which the State framed the issue—that an employee does not have a property interest in a particular salary amount. Appellants contend the trial court erred in granting the State's motion to dismiss. We agree.

## II.

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court." *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* If the facts alleged and inferences deducible therefrom would entitle the plaintiff to any relief, then dismissal under Rule 12(b)(6) is improper. *Sloan Const. Co. v. Southco Grassing, Inc.*, 377 S.C. 108, 113, 659 S.E.2d 158, 161 (2008).

## III.

The trial court erred in finding Appellants were required to exhaust their administrative remedies under the Retirement Act before proceeding to circuit court.

We are guided by rules of statutory construction and conclude the legislature did not intend for the Retirement Act to apply to this controversy. The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the legislature. *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007). "As such, a court must abide by the plain meaning of the words of a statute. When interpreting the plain meaning of a statute, courts should not resort to subtle or forced construction to limit or expand the statute's operation." *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) (internal citations omitted). But "[w]here the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not

needed and the court has no right to impose another meaning." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).

The Retirement Act states in relevant part:

[The Retirement Act] applies to a *controversy or dispute between a member or a member's designated beneficiary and the retirement systems* which arises pursuant to or by virtue of any of the provisions of this title. The procedures set forth in this chapter constitute the exclusive remedy for a dispute or controversy between the retirement systems and a member or a member's designated beneficiary arising pursuant to or by virtue of Title 9 of the Code of Laws of South Carolina, 1976. A claim presenting a dispute or controversy arising pursuant to or by virtue of this title must be resolved in accordance with the procedures and provisions provided in this chapter.

S.C.Code Ann. § 9–21–30 (Supp.2010) (emphasis added). The legislature's stated purpose in enacting the Retirement Act was "to provide the remedies available in a dispute or controversy between the South Carolina retirement systems and a member ... of any of the retirement systems established in Title 9." Act of July 1, 2003, No. 12, § 1 (2003).

The trial court held Appellants were required to exhaust their administrative remedies under the Retirement Act. This was error. By its plain language, section 9–21–30 applies to a controversy or dispute between a member or member's beneficiary and the retirement systems.[5] Given the Act's stated purpose, it is clear the legislature intended for the Retirement Act to apply to disputes between the enumerated retirement systems and their respective members.

The administrative process prescribed in the Retirement Act provides additional support for the conclusion that it is not applicable to the present dispute. Section 9–21–50(A) states:

---

5. " 'South Carolina Retirement Systems' or 'retirement systems' means the division of the board administering the South Carolina Retirement System, the South Carolina Police Officers System, the Retirement System for Members of the General Assembly, the Retirement System for Judges and Solicitors, the State Optional Retirement Program, or the National Guard Retirement System." S.C.Code Ann. § 9–21–20(8) (Supp.2010).

A member or the member's designated beneficiary *shall file a claim concerning an administrative decision by the retirement systems* arising pursuant to or by virtue of this title that adversely affects the personal interest of the member or the member's designated beneficiary by the filing of a written claim with the director within one year of the decision by the retirement systems.

S.C.Code Ann. § 9–21–50(A) (emphasis added). The administrative remedies the State seeks to impose require an administrative decision by the *retirement systems*. Appellants' complaint involves neither the retirement systems in general nor any administrative decision by the retirement systems. Thus, Appellants have no grievance with any of the retirement systems, nor is there a decision from a retirement system to trigger the grievance process delineated in the Retirement Act. The underlying dispute is between SLED and its employees centered upon SLED's internal retirement program. Because there is no controversy involving the "retirement systems," the Retirement Act's administrative remedies are in no manner implicated by Appellants' claims. Accordingly, there is no requirement that Appellants exhaust the Retirement Act's administrative remedies. We hold it was an error of law to dismiss the complaint based on a failure to exhaust administrative remedies.

## IV.

Appellants also assert the trial court erred in dismissing the unlawful takings claim because they do not have a constitutionally protected property interest. Specifically, Appellants contend the trial court erred because the court misconstrued the property interest asserted. We agree.

The Takings Clause provides that private property shall not be taken for public use without just compensation. *Rick's Amusement, Inc. v. State*, 351 S.C. 352, 357, 570 S.E.2d 155, 157 (2001). Similarly, to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law. *Worsley Co. v. Town of Mount Pleasant*, 339 S.C. 51, 56, 528 S.E.2d 657, 660 (2000). Thus, parties claiming

such violations must first show they have a legitimate property interest.

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Snipes v. McAndrew*, 280 S.C. 320, 324, 313 S.E.2d 294, 297 (1984) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). To determine if the expectation of entitlement is sufficient "will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [agency]. . . ." *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir.1980); see also *Bowles v. Tennant*, 613 F.2d 776, 778 (9th Cir.1980) (noting that an important factor in the determination of a property interest is the presence or absence of mandatory language in the statute); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 620, 503 S.E.2d 471, 476 n. 3 (1998) (finding the use of the word "shall" in a statute ordinarily means the action referred to is mandatory).

In their complaint, Appellants assert a violation of S.C.Code Ann. section 9–11–90. The pertinent portion of the statute states:

> (b) An employer *shall* pay to the system the employer contribution for active members prescribed by law with respect to any retired member engaged to perform services for the employer, regardless of whether the retired member is a full-time or part-time employee or a temporary or permanent employee.

S.C.Code Ann. § 9–11–90(4)(b) (emphasis added).

The State misconstrues Appellants' claim. Contrary to the State's interpretation, Appellants do not claim they are entitled to a particular salary level. Rather, Appellants contend that they have a cognizable property interest in the percentage of their salary that was deducted in violation of section 9–11–90, regardless of any particular salary level. *See Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 342, 89 S.Ct. 1820, 23 L.Ed.2d 349 (Harlan, J., concurring) ("The property of which petitioner has been deprived is the use of the

garnished *portion* of her wages during the interim period between the garnishment and the culmination of the main suit." (emphasis added)).

Properly construing Appellants' claim, we hold section 9–11–90 provides a basis to assert a property interest. Specifically, Appellants' takings claim is predicated on their entitlement to retain the percentage of their salary—13.6%—that was used to pay the employer portion of the retirement contributions. It follows that Appellants are able to point to a property interest rooted in state law. *See Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 636 S.E.2d 598 (2006) (holding that in order to prove a denial of due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law); *see also Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978) (stating that because property interests are creatures of state law, one is required to demonstrate the alleged deprivation is a property interest recognized by state law in order to invoke due process protection); *Scott v. Greenville County*, 716 F.2d 1409 (4th Cir.1983) (declaring that the starting point for a due process inquiry is to determine whether state or local law afforded plaintiff a protected property interest sufficient to trigger due process guarantees); *cf. Hamilton v. Bd. of Trs. of Oconee County Sch. Dist.*, 282 S.C. 519, 319 S.E.2d 717 (Ct.App.1984) (finding plaintiff failed to establish a property interest in a teaching contract within the meaning of due process because she pointed to no state law or regulation that would require her employment contract to be renewed).

We conclude, therefore, that Appellants have asserted a cognizable property interest rooted in state law sufficient to survive the motion to dismiss. *See Rydde*, 381 S.C. at 646, 675 S.E.2d at 433 ("The Court [is required] to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiffs to relief on any theory of the case."). In so finding, we also hold the trial court erred in dismissing Appellants' unlawful takings claim.

## V.

We reverse the trial court's order granting the motion to dismiss and remand the matter to the trial court.

**REVERSED AND REMANDED.**

TOAL, C.J., BEATTY, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.