757 S.E.2d 542

Phillip D. GRIMSLEY, Sr. and Roger M. Jowers, on behalf of themselves and others similarly situated, Appellants,

v.

SOUTH CAROLINA LAW ENFORCEMENT DIVISION and the State of South Carolina, Defendants,

Of whom South Carolina Law Enforcement Division is the Respondent.

Appellate Case No. 2012–212815.
No. 5201.

Court of Appeals of South Carolina.

Heard Jan. 8, 2014.
Decided Feb. 26, 2014.
Rehearing Denied April 21, 2014.

A. Camden Lewis and Ariail E. King, both of Lewis, Babcock & Griffin, L.L.P., of Columbia, and Richard A. Harpootlian, of Richard A. Harpootlian, P.A., of Columbia, for Appellants.

William H. Davidson, II and Kenneth P. Woodington, both of Davidson & Lindemann, P.A., of Columbia, for Respondent.

FEW, C.J.

This is an appeal from the circuit court's order granting summary judgment to the South Carolina Law Enforcement Division (SLED). We reverse and remand for trial.

The supreme court set forth the facts of this case and described the appellants' theory of recovery in *Grimsley v. South Carolina Law Enforcement Division,* 396 S.C. 276, 721 S.E.2d 423 (2012) (reversing the circuit court's dismissal of the appellants' claims and remanding). On remand, the parties engaged in discovery and both sides moved for summary judgment. After the appellants dismissed the State, the circuit court granted summary judgment to SLED.

SLED required employees who wished to participate in its "retirement/rehire program" to sign a series of forms. SLED contends (1) the forms unambiguously set each employee's salary upon rehire at 13.6%[1] below the salary paid to the employee before retirement, and (2) it paid the required employer contribution to retirement based on the reduced salary figure. *See* S.C.Code Ann. § 9–11–90(4)(b) (Supp.2013) (requiring "[a]n employer [to] pay ... the employer contribution for active members prescribed by law with respect to any retired member"). The appellants concede SLED paid the employer contribution based on the reduced figure, but contend the reduced figure is not what they agreed their salary would be. Specifically, the appellants argue this sentence in one of the forms—"You will have a reduction of 13.6% in your salary to cover the amount it will cost SLED to pay the

1. This percentage varies depending on the date each employee was rehired.

employer portion of retirement"—is evidence the parties agreed to the same salary the appellants received before retirement.

We agree the evidence concerning the amount of the appellants' salaries is conflicting, and thus the circuit court should have denied summary judgment. The form quoted above identifies the reduced figure as "a reduction ... in *your* salary." (emphasis added). If the reduced figure was calculated as a percentage reduction from "your salary," then the salary of each rehired employee was the figure before reduction, not the reduced figure. SLED contends the quoted sentence refers to the pre-retirement salary figure simply for purposes of calculating the reduced post-retirement salary. We understand SLED's argument, but do not agree the evidence supports the argument as a matter of law. Rather, we hold that a reasonable jury could find SLED agreed to pay each rehired employee the same salary it paid before retirement, and the percentage reduction represents an illegal requirement that the employee pay the retirement contribution the employer is required to pay under subsection 9–11–90(4)(b).

Therefore, the circuit court erred in granting summary judgment. *See Town of Hollywood v. Floyd,* 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) (stating to overcome summary judgment, "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine"); *Quality Towing, Inc. v. City of Myrtle Beach,* 340 S.C. 29, 33, 530 S.E.2d 369, 371 (2000) (stating "the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party").

Our finding that the evidence is conflicting as to the amount of salary SLED agreed to pay the rehired employees requires the reversal of summary judgment on all grounds stated in the circuit court's order. On remand, the circuit court shall make the determination required by Rule 23(d)(1), SCRCP, and set the case for trial.

**REVERSED** and **REMANDED.**

PIEPER, J., and CURETON, A.J., concur.