801 S.E.2d 185

**SOUTH CAROLINA PUBLIC INTEREST FOUNDATION and William B. Depass, Jr., individually, and on behalf of all others similarly situated, Appellants,**

**v.**

**Senator John E. COURSON, Senator Darrell Jackson, Senator Joel Lourie, Senator John L. Scott, Jr., and The State of South Carolina, Respondents.**

Appellate Case No. 2014-001412
Opinion No. 5486

Court of Appeals of South Carolina.

Heard October 13, 2016
Filed May 11, 2017
Rehearing Denied June 23, 2017

James G. Carpenter, of Carpenter Law Firm, PC, of Greenville, for Appellants.

Deputy Solicitor General J. Emory Smith, Jr., of Columbia, for Respondent The State of South Carolina; Edward Houseal Bender and Kenneth M. Moffitt, both of Columbia, for Respondents John E. Courson, Darrell Jackson, Joel Lourie, and John L. Scott, Jr.

HUFF, J.:

The South Carolina Public Interest Foundation (SC Public Interest) appeals the circuit court's order denying SC Public

Interest's motion for attorney's fees and costs, arguing the state action statute, section 15-77-300 of the South Carolina Code (Supp. 2016), applies to Senators John E. Courson, Darrell Jackson, Joel Lourie, and John L. Scott, Jr. (the Senators). We affirm.

## FACTS/PROCEDURAL HISTORY

On March 15, 2011, the Senators introduced legislation in the South Carolina Senate to consolidate the Richland County Board of Voter Registration and the Richland County Election Commission. The legislation also changed the appointment process for board members and established criteria for board members of the newly-created board. Upon its passage, the legislation became Act 17 of 2011.

In 2012, SC Public Interest filed this action in the circuit court in Richland County seeking a declaratory judgment that Act 17 was unconstitutional and requesting costs and attorney's fees pursuant to the state action statute, section 15-77-300 of the South Carolina Code. SC Public Interest brought the action against the Senators and the state of South Carolina arguing Act 17 was unconstitutional as local legislation that violated the South Carolina Constitution Article III, Section 34, and as a law for a specific county in violation of South Carolina Constitution Article VIII, Section 7. SC Public Interest and the Senators filed cross motions for summary judgment. On August 26, 2013, the circuit court granted SC Public Interest's motion for summary judgment and found Act 17 unconstitutional. The circuit court withheld ruling on SC Public Interest's request for costs and attorney's fees until SC Public Interest filed a motion supported by affidavit of counsel. The Senators moved to alter or amend the judgment and the circuit court denied the motion. SC Public Interest moved for attorney's fees and filed an affidavit in support of the motion. On March 19, 2014, the circuit court issued an order denying SC Public Interest's motion for costs and attorney's fees. The circuit court stated individual members of the General Assembly were immune from a recovery of costs and attorney's fees under the state statute, Section 15-77-300, as well as the general civil action costs provision of Section 15-37-10 of the South Carolina Code (2005). The circuit court found the state action statute did not apply to members of the General Assembly because it only applied to executive branch

agencies. SC Public Interest filed a motion to alter or amend the circuit court's order denying the motion for attorney's fees, which the circuit court denied. This appeal followed.

## STANDARD OF REVIEW

■ "The decision to award or deny attorneys' fees under the state action statute will not be disturbed on appeal absent an abuse of discretion by the trial court in considering the applicable factors set forth by the statute." *Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.*

In this case, the issue of whether the statute applies depends on the court's interpretation of the term "appropriate agency" pursuant to the state action statute. "The interpretation of a statute is a question of law, which this [c]ourt reviews de novo." *Id.*

## LAW/ANALYSIS

"The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the legislature." *Grimsley v. S.C. Law Enf't Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012). The best evidence of legislative intent is the plain language of the statute. *Perry v. Bullock*, 409 S.C. 137, 140, 761 S.E.2d 251, 253 (2014). "When interpreting the plain meaning of a statute, courts should not resort to subtle or forced construction to limit or expand the statute's operation." *Grimsley*, 396 S.C. at 281, 721 S.E.2d at 426. If the term at issue is not defined in the statute, the court must "look to its usual and customary meaning." *Perry*, 409 S.C. at 140-41, 761 S.E.2d at 253.

The relevant portion of the state action statute provides:

(A) In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs *against the appropriate agency* if:

(1) the court finds that *the agency* acted without substantial justification in pressing its claim against the party;

and

(2) the court finds that there are no special circumstances that would make the award of attorney's fees unjust.

The *agency* is presumed to be substantially justified in pressing its claim against the party if the *agency* follows a statutory or constitutional mandate that has not been invalidated by a court of competent jurisdiction.

S.C. Code Ann. § 15-77-300 (Supp. 2016) (emphasis added).

█ Because "agency" is not defined in article 5 of Chapter 77 of the South Carolina Code, the court must look to the usual and customary meaning of agency to ascertain the legislature's intent.[1] Black's Law Dictionary defines agency as "an official body, esp. within the government, with authority to implement and administer particular legislation." *Agency,* BLACK'S LAW DICTIONARY (10th ed. 2014). A state agency is an "executive or regulatory body of a state." *State Agency,* BLACK'S LAW DICTIONARY (10th ed. 2014). Under either of these definitions, the Senate is not a state agency based on the customary meaning of agency. Senators are responsible for performing legislative duties such as writing legislation, approving appointments by the Governor, and representing their constituents. Senators are generally not responsible for implementing or administering legislation after its enactment; rather, that responsibility generally lies with executive agencies. While the Senate is a body of the state government, it exists in an entirely separate, but co-equal, branch of government than executive agencies. Accordingly, because the Senate's duties are entirely different from those of executive agencies, defining "appropriate agency" under the state action statute to include the Senate would be a forced construction of the term based on the customary meaning of agency. Therefore, agency under the state action statute must be limited to executive branch agencies.

---

1. The supreme court previously refused to look to other parts of the South Carolina Code to define "agency" for the purposes of the state action statute. *See Willis Constr. Co. v. Sumter Airport Comm'n,* 308 S.C. 505, 510, 419 S.E.2d 240, 242 (Ct. App. 1992) (noting agency is not defined in Article 5 of Chapter 77 and rejecting party's argument that agency under the state action statute should be defined using the South Carolina Tort Claims Act's definition found in Chapter 78 of Title 15).

 Furthermore, South Carolina recognizes the long-standing doctrine of legislative immunity for legislators carrying on their legislative duties. *See Richardson v. McGill*, 273 S.C. 142, 146, 255 S.E.2d 341, 343 (1979) (holding a legislator was absolutely immune from liability for comments made during the performance of his legislative duties). Legislative immunity "has long been recognized in Anglo-American law," being rooted in the " 'Parliamentary struggles of the Sixteenth and Seventeenth Centuries' and [ ] 'taken as a matter of course by those who severed the Colonies from the Crown and founded our Nation.' " *Bogan v. Scott-Harris*, 523 U.S. 44, 48-49, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 372, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)). Legislative immunity protects legislators from "deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence, but for the public good." *Tenney*, at 377, 71 S.Ct. 783. The public good is undermined by any restriction placed on a legislator's ability to exercise legislative discretion, including the fear of personal liability. *See Bogan*, at 52-53, 118 S.Ct. 966. Although few South Carolina cases discuss legislative immunity, this court has addressed similar public policy considerations for immunity for other types of public officials carrying out their official duties. *See Williams v. Condon*, 347 S.C. 227, 242-43, 553 S.E.2d 496, 505 (Ct. App. 2001) (noting qualifying a prosecutor's immunity would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 427-28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976))); *O'Laughlin v. Windham*, 330 S.C. 379, 384, 498 S.E.2d 689, 692 (Ct. App. 1998) ("[J]udicial immunity is vital for the continuation of an independent judiciary and for the preservation of judicial integrity."); *id.* at 385, 498 S.E.2d at 692 (holding the adoption of the Tort Claims Act did not modify common law judicial immunity in part because of the "presumption of legislative intent to preserve common law principles"). Therefore, because nothing in the plain language of the statute indicates the General Assembly intended to waive legislative immunity, legislative immunity prevents the state action statute from applying to Senators.

## CONCLUSION

We hold the circuit court properly denied SC Public Interest's motion for attorney's fees because the state action statute is not applicable to the Senators.

**AFFIRMED.**

LOCKEMY, C.J., and MCDONALD, J., concur.